IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| **LAMARK LOUIS BUSSEY,** and all others similarly situated under 29 USC 216(b)**,**<br><br>*Plaintiff*,<br><br>v.<br><br>**BRIDGER LOGISTICS, LLC,**<br><br>*Defendant.* | Civil Action No. 2:19-cv-310<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT AND JURY DEMAND**

Named Plaintiff and other similarly situated workers, (hereinafter referred to as "Plaintiffs") by and through the undersigned counsel, bring this Complaint, as a collective action, pursuant to the Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. §§ 201 *et seq.*, demand a jury trial, and allege as follows:

### INTRODUCTION

1. Defendant Bridger Logistics LLC (hereinafter referred to as "Defendant") attempted to circumvent the Fair Labor Standards Act's ("FLSA") protections by misclassifying Plaintiff and other similarly-situated workers in order to deny them overtime wages. Specifically, Defendant paid Plaintiff and other similarly-situated employees based on the quantity of work performed and in a manner that has failed to compensate them for overtime work. This collective

action seeks to recover the unpaid overtime wages and liquidated damages owed to these misclassified workers. Defendant engaged in this behavior willfully and without regard for the economic welfare of their employees and with full knowledge that Plaintiffs were conferring benefits upon Defendant that were improperly procured. As such, Plaintiff seeks relief from the Court, including relief for those of Defendant's employees that are similarly situated.

## JURISDICTION, VENUE AND PARTIES

2.   This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) as this Complaint raises a federal question and a private cause of action, including a collective action, is authorized by the FLSA. This Court also has supplemental jurisdiction over Plaintiffs' non-statutory claims by virtue of 28 U.S.C. § 1367.

3.   This Court has personal jurisdiction over Defendant as the Defendant is a resident of the State of Texas and is engaged in continuous and systematic business activities within this State. Defendant Bridger Logistics, LLC is a limited liability company duly organized and existing under the laws of the State of Texas, with its principal place of business located in Dallas, Texas, who may be served at 1999 Bryan St., Ste. 900, Dallas, TX 75201.

4.   Venue is proper in the Southern District of Texas pursuant to 28 U.S. C. §§ 1391(a), (b) and (c) because Defendant is a resident of the State of Texas, a substantial part of the events or omissions giving rising to Plaintiffs' claims occurred in the Southern District of Texas, and Defendant is subject to the personal jurisdiction of the Court.

5.   Named Plaintiff Bussey is a resident of the State of Texas and was formerly employed by Defendant. At all relevant times described herein, Plaintiff was an employee engaged in commerce as defined by the FLSA. During the period covered by this lawsuit, Plaintiff regularly

worked uncompensated hours and in excess of 40 hours per week ("overtime hours"), hereby consents to proceed as a Plaintiff in this matter and has attached his consent as an Exhibit.

6. At all relevant times described herein, Defendant has been an enterprise engaged in commerce, as defined by the FLSA. Specifically, Defendant was, and remains, in the business of assisting companies in shipping oil all over the United States, and upon information and belief, has gross annual sales of over $500,000.

7. Even if Defendant does not realize gross annual sales of over $500,000, the Court still has jurisdiction over Plaintiffs' claims as it cannot be reasonably disputed that each Plaintiff was, or remains, engaged in commerce within the meaning of the FLSA.

## THE WILLFUL MISCLASSIFCATION OF PLAINTIFFS

8. Bridger Logistics is a limited liability company that serves midstream and oilfield service-oriented businesses.

9. Bridger has maintained that their non-stop operations are an essential element of their reputation in the field. In reality, Bridger takes advantage of its workers by requiring drivers to work up to 85 hours per week, never paying their workers the overtime premium pay they are owed as employees and failing to pay for all work performed. Instead, Defendant paid Plaintiff and similarly situated employees based on the quantity of work performed.

10. Defendant exercises near total control over Plaintiffs' work-related activities, including dictating when Plaintiffs must have oil or "production water" delivered and providing the necessary equipment, rather than allowing Plaintiffs to set their own hours and provide their own supplies. In addition to suffering and permitting many uncompensated overtime hours, the economic realities of the relationship dictate that Plaintiffs are in fact Defendant's employees.

Here, all Plaintiffs work for Defendant pursuant to Defendant's complete control over the working relationship. Plaintiffs are not allowed to determine which delivery locations they will travel to on a given day or dictate their schedule generally. Moreover, Defendant controls the manner and ability by which Plaintiffs may deliver their oil or production water shipments. Defendant has provided the trucks and barrel crude trailers required to perform the truck drivers' operations. Additionally, Defendant dispatches drivers to the various delivery locations in Texas, requiring drivers to work on the company's schedule. Thus, no Plaintiff was afforded the opportunity to expend their own efforts in order to increase their profit or schedule their own deliveries.

11. The working relationship between Plaintiffs and Defendant has been as permanent as possible. For example, Named Plaintiff worked for Defendant for several years, during the statutory period, and from approximately 2016 through 2018. During this time, Plaintiff and the Class Members have been entitled to receive overtime pay for all hours worked in excess of 40 hours per workweek and for minimum hourly wages for all hours worked.

12. While there can be no doubt that a certain amount of skill is required to engage in the trucking industry as a driver, driving itself is not a skill or trade that would render the position "white collar" and subject to professional, administrative or executive exemptions under the FLSA. It cannot be stated that driving in and of itself is a highly skilled avocation, even if it is difficult and, at times, stressful.

13. Despite having knowledge of the FLSA and that Plaintiff worked overtime hours, Defendant did not pay Plaintiff at overtime rates for all overtime hours worked. Rather, Defendant engaged in an intentional and reckless operation to deprive Plaintiff and their other hourly employees of the benefits of the FLSA by failing to pay them for all hours worked, including

overtime hours, and at the rates required by the FLSA. Defendant has previously received complaints regarding these unlawful acts, including a prior lawsuit, but their practices have persisted. Consequently, Defendant's actions have been, minimally, reckless and are subject to the FLSA's three-year statutory period.

## COLLECTIVE ACTION ALLEGATIONS

14. Defendant's other drivers have been victimized by this pattern, practice, and policy which is in willful violation of the FLSA. Many of these employees worked with Plaintiff and were paid in the same manner as Plaintiff without being paid the proper overtime wages for all hours worked. Plaintiff is aware that the illegal practices or policies of Defendants have been uniformly imposed on the Class Members.

15. Plaintiff and the FLSA Class Members, each of whom were also employed as drivers to perform routes in Texas, performed the same or similar job duties or otherwise worked under the same illegal pay scheme. Accordingly, the employees victimized by Defendant's unlawful pattern and practices are similarly situated to Plaintiff in terms of job duties and pay provisions.

16. Defendant's policies respectively failed to pay employees (1) overtime for all hours worked in excess of 40 per workweek and (2) one-and-one-half times their regular rates of pay for all overtime hours worked. Accordingly, the FLSA Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

17. Defendant's failure to pay compensation at the rates required by the FLSA results from generally applicable policies or practices and is not dependent on the personal circumstances of the Class Members. Thus, Plaintiff's experience is typical of the experiences of the Class

Members. All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The questions of law and fact are common to Plaintiff and the Class Members.

## COUNT I
## Violation of the FLSA
## 29 U.S.C. §§ 201 *et seq.*

18. During the relevant period, Defendant has violated and is violating the provisions of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as aforesaid, for workweeks longer than 40 hours without compensating such employees for their work in excess of forty hours per week at rates no less than one-and-a-half times the regular rates for which they were employed and in excess of the federal minimum wage. Defendant has been aware of the FLSA's overtime and minimum wage requirements and has chosen not to pay Plaintiffs and the Class Members lawfully. Defendant has acted willfully in failing to pay Plaintiff and the Class Members in accordance with the law. Plaintiffs have suffered damages as a result of Defendant's failure to pay overtime, and seek those unpaid wages, liquidated damages, fees, costs, and interest at the highest allowable rate under law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for certification of this Complaint as collective action pursuant to the FLSA and entry of judgment in their favor and against Defendant as follows:

1. For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

2. For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

3. For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

4. For an Order granting such other and further relief as may be necessary and appropriate.

## DEMAND FOR TRIAL BY JURY

Plaintiffs request a jury trial on all claims described herein, and as may be amended.

Respectfully submitted,

/s/*Jay Forester*
**J. Forester**
Texas Bar No. 24087532
**Meredith Mathews**
Texas Bar No. 24055180
400 N St Paul St Ste 700
Dallas, Texas 75201
(214) 210-2100 phone
(214) 346-5909 fax
jay@foresterhaynie.com
mmathews@foresterhaynie.com

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

The foregoing document will be served on Defendants with the summons in accordance with Federal Rules of Civil Procedure.

 /s/ *J. Forester*
**J. FORESTER**